DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ronald Fuller, Jr., appeals from the sentence imposed by the Summit County Court of Common Pleas. We reverse.
On October 22, 1998, the Summit County Grand Jury indicted Mr. Fuller on three counts of aggravated burglary, in violation of R.C. 2911.11(A)(1); one count of rape, in violation of R.C.2907.02(A)(2); and two counts of attempted rape, in violation of R.C. 2907.02(A)(2) and R.C. 2923.02. In a journal entry dated February 11, 1999, pursuant to a plea agreement, the three counts of aggravated burglary in the indictment were amended to the lesser included offense of burglary. Subsequently on the same day, Mr. Fuller pleaded guilty to three counts of burglary, one count of rape, and two counts of attempted rape.
On March 9, 1999, a sentencing hearing was held. In a journal entry dated March 11, 1999, Mr. Fuller was sentenced to a two-year definite term on each of the three counts of burglary, to a six-year definite term for rape, and to a four-year definite term on each of the two counts of attempted rape. The trial court further ordered that the sentences imposed on all of the counts be served consecutively for a total sentence of twenty years. Mr. Fuller was also adjudged to be a sexual predator, pursuant to R.C.2950.09. This appeal followed.
Mr. Fuller asserts one assignment of error:
 The trial court erred by imposing upon the Appellant consecutive sentences which are contrary to law.
Mr. Fuller avers that the trial court did not make the statutorily required findings when it sentenced him to consecutive terms of imprisonment. Mr. Fuller also asserts that the trial court's statements at the sentencing hearing and in the journal entry, reciting the court's decision and reasoning, were insufficient to fulfill the statutorily required findings for imposition of consecutive sentences. We agree.
Our standard of review is controlled by R.C. 2953.08(G)(1), requiring us to determine if the trial court clearly and convincingly acted contrary to law or the record. Clear and convincing evidence is that "`which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Cincinnati Bar Assn. v. Massengale
(1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2929.14 governs the imposition of prison terms for felony convictions, stating, in relevant part:
(E) * * *
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
"[T]he verb `finds' as used in this statute means that the court must note that it engaged in the analysis and that [the sentence was imposed] for at least one of the [enumerated] sanctioned reasons." State v. Edmonson (1999), 86 Ohio St.3d 324, 326. Moreover, if a court imposes consecutive sentences under R.C.2929.14(E)(4), the court "shall make a finding that gives its reasons for selecting the sentence imposed[.]" R.C.2929.19(B)(2)(c).
In the case at bar, we find that the trial court did not comply with the statutory requirements as interpreted by the Ohio Supreme Court in Edmonson at the hearing and in its judgment entry. At the sentencing hearing, the trial court stated that:
 Although the defendant is of youthful age, the Court feels the 20-year sentence is justified for the following reasons: First of all, the organized nature and planned nature of the crimes. Each of this [sic] was done with some planning and some design. The physical harm caused to the victims in each of the particular crimes. The use of force and threat of force in committing the crimes. The victims and their families suffered serious, physical, psychological, and emotional harm.
* * *
 The Court has considered as mitigating factors in this case your youthful age and the fact that you did not have a serious criminal record.
Although the trial court made specific factual findings, the trial court did not indicate that it engaged in the statutorily prescribed analysis regarding whether consecutive sentences were "disproportionate to the seriousness of [Mr. Fuller's] conduct[.]" R.C. 2929.14(E)(4). Furthermore, the trial court did not discuss whether it imposed the prison sentences consecutively after analyzing whether the sentences were "necessary to protect the public from future crime or to punish [Mr. Fuller][.]" R.C.2929.14(E)(4). Moreover, the trial court did not note whether the harm caused by the multiple offenses was so great that a single prison term for any of the offenses adequately reflects the seriousness of Mr. Fuller's conduct. R.C. 2929.14(E)(4)(b). Consequently, in light of Edmonson, we are compelled to conclude that the trial court's findings do not comport with the required findings under R.C. 2929.14(E)(4).
Accordingly, appellant's assignment of error regarding his sentencing is sustained. Appellant's sentence is reversed, and the cause is remanded for re-sentencing in compliance withEdmonson and R.C. 2929.14(E)(4).
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 _______________________________ WILLIAM G. BATCHELDER
FOR THE COURT SLABY, J., CARR, J. CONCUR.